**JIN HUA ZHANG, Xi Bin Zhang, Petitioners,**

v.

**U.S. ATTORNEY GENERAL, Respondent.**

No. 04–6575.

United States Court of Appeals, Second Circuit.

Jan. 10, 2007.

Gang Zhou, New York, NY, for Appellant.

Stacy Paddack, Office of Immigration Litigation, Civil Division, U.S. Department of Justice (William J. Leone, United States Attorney for the District of Colorado, Lisa A. Christian, Assistant United States Attorney, on the brief) Washington, D.C., for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Petitioners Jin Hua Zhang and Xi Bin Zhang, mother and son natives and citizens of Changle City, Fujian Province, China, seek review of a December 8, 2004

38

order of the BIA denying their motion to reopen their removal proceedings. *In re Jin Hua Zhang, Xi Bin Zhang,* Nos. A 77 121 786, A 77 121 788 (B.I.A. Dec. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (citations omitted).

The BIA denied petitioners' motion to reopen because the motion was based on evidence that was available at the time of the IJ hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Shou Yung Guo v. Gonzales,* 463 F.3d 109, 114–15 (2d Cir.2006) ("[T]he applicable test is not whether [the evidence is] new but whether [it was] previously available."). The IJ mentioned the petitioner's putative husband's conviction in her decision, which indicates that evidence of his pending release from federal prison was neither unavailable nor undiscoverable at the time of the IJ's decision. The BIA's denial of petitioners' motion therefore was not an abuse of discretion.

Petitioners' contention, proffered at oral argument, that we should remand the case in light of our recent decision in *Shou Yung Guo* lacks merit. Petitioners' motion to reopen before the BIA claimed that Zhang would be tortured due to her husband's criminal conviction and did not state a fear of forced sterilization. We express no opinion as to any future further effort of the petitioners to seek a second motion to reopen on that basis.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.